Dear Representative Hiett,
¶ 0 This office has received your letter asking for an official Attorney General Opinion addressing, in effect, the following question:
May a federally funded community action agency operate in thesame geographic vicinity as a private taxi company to providetransportation in Oklahoma rural communities?
¶ 1 In order to determine the issue raised, a brief overview of community action agencies and the various federal funding sources is necessary.
 Community Action Agencies and Federal Funding Sources
¶ 2 Community action agencies are public or private nonprofit agencies which receive their designation from the Oklahoma Department of Commerce. See 74 O.S. 1991, § 5036[74-5036]. Community action agencies were created to "enhance and stimulate economic opportunity and self-sufficiency for all citizens." 74 O.S.1991, § 5034[74-5034]. Community Services Block Grants, a significant source of funding for many Oklahoma community action agencies, are federal funds allocated to community action agencies by the Oklahoma Department of Commerce. See 74 O.S. 1991, § 5035[74-5035];see also OAC 150:90-1-1 to 150:90-1-11.
¶ 3 In addition to federal funding received through Community Services Block Grants, community action agencies may apply for financial assistance through other federal programs, such as the Rural Transportation Assistance Programs ("RTAP"). In title 49, section 5311 of the United States Code, Congress requires the United States Secretary of Transportation to fund rural transportation assistance programs, including projects which provide local transportation services in rural areas. The United States Department of Transportation, through the Federal Transit Administration, allocates these funds to eligible recipients (e.g., community action agencies) through the Oklahoma Department of Transportation.
¶ 4 Since your inquiry involves community action agencies' expenditures of these RTAP funds, rather than community services block grants, we examine the federal requirements pertaining to RTAP funds below.
 Rural Transit Assistance Programs
¶ 5 The Federal Transit Administration administers RTAP through the various state governments in an effort to provide public transportation in nonurbanized areas. "Public transportation" is defined to include "mass transportation by a conveyance that provides regular and continuing general or special transportation to the public, but does not include school bus, charter, or sightseeing transportation," while "nonurban areas" means any area outside of an urbanized area with a total population of less than 50,000. Fed. Transit Admin. Circular 9040.1E, pp. III-1, 2 (Oct. 1, 1998).
¶ 6 The Federal Transit Administration describes the goals of RTAP:
¶ 7 The goals of the nonurbanized formula program are: to enhance the access of people in nonurbanized areas to health care, shopping, education, employment, public services and recreation; to assist in the maintenance, development, improvement, and use of public transportation systems in rural and small urban areas; to encourage and facilitate the most efficient use of all Federal funds used to provide passenger transportation in nonurbanized areas through the coordination of programs and services; to assist in the development and support of intercity bus transportation; and to provide for the participation of private transportation providers in nonurbanized transportation to the maximum extent feasible.
FTA Circular 9040.1E, p. I-1 (Oct. 1, 1998).
¶ 8 RTAP funding is restricted to state agencies, local public bodies, and private non-profit organizations which provide public transportation to Oklahoma's nonurbanized areas. See id. at p. III-1. Private for-profit operators are expressly excluded from eligibility, but these operators may participate in RTAP as third party contractors through eligible recipients. See id.
¶ 9 Your inquiry asks whether a community action agency receiving RTAP funding may operate in the same geographic vicinity as a private taxi company to provide transportation in Oklahoma rural areas. Community action agencies may provide transportation in rural areas as long as such transportation is provided in compliance with 49 U.S.C. § 5311(b) (1998), which authorizes the expenditure of federal funds on rural transportation assistance programs.
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Community action agencies participating in the Rural TransitAssistance Program, 49 U.S.C. § 5311(b) (1998), may operate inthe same geographic vicinity of private taxi companies whenproviding public transportation in Oklahoma rural areas.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN A. MAISCH ASSISTANT ATTORNEY GENERAL